UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ALAN TAYLOR, #120631,

        Petitioner,

                              CASE NO. 11-CV-10425
v.                              HONORABLE GERALD E. ROSEN

CATHERINE BAUMAN,

        Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.    Introduction**

       David Alan Taylor ("Petitioner"), a Michigan prisoner, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner was convicted of two counts of armed robbery, MICH. COMP. LAWS § 750.529, and two counts of possession of a firearm during the commission of a felony ("felony firearm"), MICH. COMP. LAWS § 750.227b, in the Oakland County Circuit Court in 1983. He was sentenced to 40 to 200 years imprisonment on the armed robbery convictions and two years imprisonment on the felony firearm convictions. Although his pleadings are full of legalese and are somewhat difficult to follow, Petitioner seems to assert that the state court lacked jurisdiction over him and his criminal proceedings, that the prosecutor acted improperly under the Uniform Commercial Code and other statutory provisions, and that he is being held illegally.

       Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

1

Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

After undertaking the review required by Rule 4, the Court denies with prejudice the habeas petition, and denies Petitioner's outstanding motions as moot. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.     Discussion**

As an initial matter, the Court notes that Petitioner has failed to demonstrate that he has exhausted his state court remedies as to the claims contained in his petition. A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *See*

*McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160. Petitioner has not shown that he has exhausted his state court remedies by filing a direct appeal and/or seeking collateral review of his convictions.

Even though Petitioner has not exhausted his habeas claims in the state courts, however, the Court declines to dismiss the petition on that basis. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies). The Court finds that the interests of justice are best served by ruling on the petition as it lacks merit and may be denied despite the lack of exhaustion.

Petitioner essentially asserts that he is entitled to habeas relief because the state trial court lacked jurisdiction over him and his criminal proceedings and the state prosecutor acted improperly under the Uniform Commercial Code and other statutory provisions. However, the determination of whether a particular state court is vested with jurisdiction under state law and is the proper venue to hear a criminal case is a "function of the state courts, not the federal judiciary." *Wills v. Egeler*,

532 F.2d 1058, 1059 (6th Cir. 1976); *see also Chandler v. Curtis*, 2005 WL 1640083, \*2 (E.D. Mich. July 13, 2005) (Cohn, J.); *Groke v. Trombley*, 2003 WL 1708109, \*5 (E.D. Mich. April 1, 2003) (Lawson, J.); *accord Write v. Angelone*, 151 F.3d 151, 157-58 (4th Cir. 1998); *Rhode v. Olk-Long*, 84 F.3d 284, 287 (8th Cir. 1996). It is well-settled that a perceived violation of state law may not provide a basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review. *See Strunk v. Martin*, 27 F. App'x 473, 475, 2001 WL 1450740, \*2 (6th Cir. 2001). Petitioner has thus failed to state a claim upon which federal habeas relief may be granted in his pleadings.

Furthermore, Petitioner's jurisdictional claims and Uniform Commercial Code-based arguments lack merit. Federal courts have rejected such claims as frivolous. *See, e.g., McKinnon v. Lafler*, No. 1:09-CV-644, 2009 WL 2922316, \*2 (W.D. Mich. Sept. 9, 2009) (summarily dismissing habeas petition which raised jurisdictional claims under the Uniform Commercial Code); *Smith v. Burt*, No. 08-CV-14239, 2008 WL 4791348, \*2 (E.D. Mich. Oct. 24, 2008) (dismissing habeas petition where prisoner claimed that the state court lacked jurisdiction and the trial judge and attorneys lacked proper authority and licensing); *Hamby-Bey v. Bergh*, No. 08-CV-13284, 2008 WL 3286227, \*2 (E.D. Mich. Aug. 7, 2008) (dismissing habeas petition contesting the State of Michigan's jurisdiction); *Evans v. Lafler*, No. 4:06-CV-151, 2007 WL 1101176, \*4 (W.D. Mich. April 5, 2007) (adopting magistrate judge's report denying habeas relief where state prisoner claimed that state courts lacked jurisdiction to try him because they never acquired a security interest over him under the Uniform Commercial Code); *Van Hazel v. Luoma*, No. 05-CV-73401-DT, 2005 WL 2837356, \*2 (E.D. Mich. Oct. 27, 2005) (citing cases). Petitioner's claims challenging the state court's jurisdiction and the prosecutor's authority to act in his case are equally frivolous.

4

Moreover, to the extent that Petitioner asserts other alleged violations of state or federal law, his claims are conclusory and lack factual support, as well as a recognized legal basis. It is well-established that conclusory allegations do not provide a basis for habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis to hold an evidentiary hearing in habeas proceedings). Petitioner has failed to state a claim upon which habeas relief may be granted in his pleadings. His petition must therefore be dismissed.[1]

### III.  Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. Given this determination, the Court also **DENIES** Petitioner's outstanding motions as moot.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could

---

[1] The Court notes that Petitioner's claims also appear to be barred by the one-year statute of limitations applicable to federal habeas actions given that Petitioner was convicted in 1983 and the present petition was filed by the Court on February 3, 2011. *See* 28 U.S.C. § 2244(d). Petitioner offers no arguments for statutory or equitable tolling of the one-year period.

conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37. The Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims. The Court therefore **DENIES** a certificate of appealability.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court also **DENIES** leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: February 10, 2011

I hereby certify that a copy of the foregoing document was served upon David Taylor, #120631, Alger Maximum Correctional Facility, Industrial Park Drive, P.O. Box 600, Munising, MI 49862 on February 10, 2011, by ordinary mail.

s/Ruth A. Gunther
Case Manager